WOLF, Judge.
John Dementry (claimant) appeals from a final order of compensation awarding attendant-care benefits. Claimant asserts that the judge of compensation claims erred by (1) failing to award attendant-care benefits in excess of the estimated number of hours testified to by the treating physician, and (2) awarding attendant-care benefits at the federal minimum wage. The determination concerning the amount of attendant-care is supported by competent substantial evidence and may be affirmed without further comment.
We find, however, that the award of benefits at the federal minimum wage was in error. Section 440.13(2)(g), Florida Statutes, states:
The value of professional attendant or custodial care provided by family members shall be determined as follows:
1. If the family member is not employed, the per hour value shall be that of the federal minimum age.
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be as the per hour value of such family member’s former employment, not to exceed the per hour value of such care available in the community at large.
It is uncontroverted that Mrs. Dementry quit her job in order to care for the claimant. The portion of the statute providing that the per hour value of the attendant care is to be calculated at the federal minimum wage is, thus, inapplicable. Commercial Carrier Corp. v. Beck, 580 So.2d 334 (Fla. 1st DCA 1991).
The record, however, is devoid of competent substantial evidence which would indicate the per hour value of comparable attendant care in the community at large. We, therefore, reverse and remand for further proceedings to determine the appropriate market rate. Commercial Carrier Corp., supra. In all other respects, the order is affirmed.
SHIVERS, J., and WENTWORTH, Senior Judge, concur.